HIRSCH et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.  June 1, 1906.)

1. CARRIERS—INJURIES TO SHIPMENT—EVIDENCE.

In an action against the initial carrier for damages to property during transportation, a receipt of a connecting carrier, reciting that the goods were damaged when received from the initial carrier, is not competent evidence.

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence in an action against the initial carrier for damages to a shipment examined, and *held* insufficient to support a finding that the property was damaged while in the possession of the initial carrier.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Monte Hirsch and another against the New York Central & Hudson River Railroad Company.  From a judgment for plaintiffs, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

C. C. Paulding, for appellant.

S. Heyman, for respondent.

DAVIS, J.  This action was brought to recover $325.49 for damage to certain bundles and rolls of manilla paper delivered to the defendant June 16, 1903, by the plaintiff at Lyons Falls, N. Y., for shipment to the New York & Pennsylvania Company, New York City.  Upon the order of the consignee the bundles and rolls were delivered by the defendant at the dock of the Panama Steamship Company, pier 57, North river.  The final destination of this paper was Los Angeles, Cal., and on its arrival at Los Angeles it was found to be in a badly damaged condition.  The extent of the damage was testified to by the president of the consignee at Los Angeles.  In his deposition this witness says that the paper was badly soiled, and looked as if it had been in the hold of a vessel with lampblack, coal, or some other black substance piled on top of it; that the bundles were torn open, and sheets scattered about in the car; the roll paper was badly crushed, the ends knocked out, chafed, and most of the wooden spools which held the rolls in shape were lost.  The defendant claims that the evidence fails to show that the damage occurred on its line of railroad.  The only evidence produced by the plaintiff to show that the damage complained of was caused while the property was in transit on the defendant's line is a receipt by the Panama Railroad Company, purporting to be issued to the defendant on July 21, 1903, which receipt contains the statement: "Bdls., covers torn, ends exposed."  Concerning this receipt, a witness, Clark, called by the plaintiff, testified that in July he was in the employ of the Panama Steamship Company; that the receipt referred to is a carbon copy signed by him; that he himself did not make out the receipt, but that it was made out by a party now dead, whose handwriting he recognized.  He further testified that he presumed that the original was given to the shipper.  Upon this testimony the receipt was admitted in evidence over the objection of the defendant.  On cross-examination he said he knew nothing whatever about the condition of the paper when it was delivered to the Panama

Company; that in fact he had never seen the property. On redirect examination he said that in all cases it was customary for the company to insert the condition of the goods in the bill of lading if they are not in perfect order. The plaintiff's case thus rested upon the testimony taken in Los Angeles and that of the witness Clark. The statement in the receipt of the Panama Railroad Steamship Company is not competent as evidence that the damage complained of occurred on the defendant line. Moreover, the alleged imperfect condition of the paper as noted in the receipt is obviously not the damage testified to by the witness in Los Angeles, and for which damage the recovery was had, as a comparison between the two statements of damage readily shows. In view of the testimony of the defendant's witnesses Hillery, Kline, and Matthews, each of whom saw the paper when it was delivered to the Panama Company, and each of whom testifies that the paper was then in good condition, it seems clear that the evidence fails to show any damage to the property while on the defendant's line, but, on the contrary, points rather to the conclusion that the damage was caused after the property left the defendant's possession, and on some other of the lines over which it was transported in going to Los Angeles. As defendant's liability ended when the property left its possession, we think the plaintiff failed to make a case, and that the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.